## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 16 2016, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sally Skodinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Javier A. Simental, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | December 16, 2016 <br><br> Court of Appeals Case No. <br> 71A04-1606-CR-1240 <br><br> Appeal from the St. Joseph <br> Superior Court <br><br> The Honorable John M. <br> Marnocha, Judge <br><br> Trial Court Cause No. <br> 71D02-1503-F6-131 |

**Crone, Judge.**

[1]     A jury found Javier A. Simental guilty of level 6 felony domestic battery, and he argues that the evidence is insufficient to support his conviction. We affirm.

[2] In reviewing a claim of insufficient evidence, we do not reweigh the evidence or judge the credibility of witnesses, and we consider only the evidence–even if conflicting–that supports the conviction and the reasonable inferences arising therefrom. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Id*. The uncorroborated testimony of a single witness is sufficient to sustain a conviction, even when that witness is the victim. *Id*.

[3] To convict Simental of level 6 felony domestic battery as charged, the State was required to prove beyond a reasonable doubt that he knowingly touched a person with whom he has a child in common in a rude, insolent, or angry manner resulting in bodily injury to that person in the physical presence of a child less than sixteen years of age, knowing the child was present and might be able to see or hear the offense. Ind. Code § 35-42-2-1.3(a), -(b)(2); Appellant's App. at 10. Simental claims that the evidence was insufficient to show that he knowingly struck the victim. "A person engages in conduct knowingly, if when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2.

[4] The facts most favorable to the verdict show that in November 2014, Simental and his girlfriend Liliana Victoria argued over whether their two-year-old child should go to church with Victoria or stay home with Simental. Victoria took the child to her bedroom to dress her. Simental grabbed Victoria by the hair and pulled her out in the hallway with his hand around her neck. In the

kitchen, Victoria tried to get her cell phone out of her handbag to call 911. Victoria and Simental struggled over the phone. Simental "smacked" Victoria on the head, which hurt "a lot" and "knocked her to the ground." Tr. at 109, 172. Simental held Victoria on the floor and kicked her. The child followed them into the kitchen to find Victoria crying. Victoria and the child, who was also crying, hid behind a furnace and called 911. On the 911 call, Victoria reported that Simental "had smacked [her] really hard and [she] thought [she] was going to pass out." *Id*. at 112. Police officers arrived at the scene, but Simental was gone. The police observed that Victoria appeared distraught, was shaking and red in the face, and had been crying. Victoria had bruises and marks on her neck and experienced head pain for a few days following the incident.

[5] Simental asserts that he accidentally struck Victoria and that he so testified at trial. *See id*. at 172 ("I didn't mean to, but I did smack her one time."). He observes that although the State charged him with two counts–level 6 felony strangulation and level 6 felony domestic battery–the jury found him guilty only on the battery count. According to Simental, the jury must not have given any weight to Victoria's testimony regarding the strangulation count, and therefore the verdict must have been based on what he admitted in his testimony. Simental's argument is without merit. "'The jurors are the triers of fact, and in performing this function, they may attach whatever weight and credibility to the evidence as they believe is warranted.'" *Parks v. State*, 734 N.E.2d 694, 700 (Ind. Ct. App. 2000) (*quoting Hicks v. State*, 426 N.E.2d 411, 414 (Ind. 1981)).

The jury is free to believe some portions and disbelieve other portions of a witness's testimony. *Id.* Simental's argument is an invitation to reweigh the evidence, which we must decline. We conclude that the evidence is sufficient to show that Simental knowingly struck Victoria, and therefore we affirm his conviction.

[6]     Affirmed.

Riley, J., and Altice, J., concur.